O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIS,<br><br>            Petitioner,<br><br>     v.<br><br>WARDEN,<br><br>            Respondent. | Case No. CV 14-5435-JGB (KK)<br><br>**MEMORANDUM AND ORDER DENYING EXTENSION REQUEST AND SUMMARILY DISMISSING ACTION** |

On July 14, 2014, "petitioner" Leroy Willis, a California state prisoner who has not yet actually filed a petition in this Court, filed a request for a stay of his "time to file a Habeas Corpus petition." It appears that petitioner is seeking an enlargement of his time under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to file a federal habeas petition under 28 U.S.C. § 2254. The Court cannot grant petitioner's request.

Under Article III of the Constitution, federal courts may only adjudicate cases or controversies, and may not issue advisory opinions. U.S. Nat'l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993). Because petitioner has not actually filed a federal habeas petition challenging his conviction or sentence, there is no case or controversy properly before the Court. The Court therefore lacks jurisdiction to grant a motion

to extend petitioner's time to file a federal habeas petition or to decide the timeliness of a potential future petition. See United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (citations omitted); McDade v. Warden, No. CV 10–08507 JVS (SS), 2010 WL 4795377, at *1 (C.D. Cal. Nov. 16, 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of § 2254 petition); see also Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Petitioner contends he needs more time to file his habeas corpus petition because he has not yet received his trial transcript, which he has requested from his appellate counsel.[1] If and when petitioner files a habeas petition in this Court, and if the timeliness of that petition is questioned, this Court can consider whether petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or to equitable tolling. However, those matters cannot be decided at this juncture.

---

[1] Petitioner asks the Court to order the California Superior Court or his appellate counsel to provide his trial transcript. The Court denies this request.

1  IT IS ORDERED that petitioner's motion for extension of time to file a
2 habeas corpus petition is DENIED, and that Judgment be entered summarily
3 dismissing this action without prejudice.

5 DATED: August 22, 2014

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE